IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFF PEPPER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 14-1321 |
| | ) |
| BAIERL AUTOMOTIVE | ) |
| CORPORATION, I/T/D/B/A/ BAIERL | ) |
| ACURA, at al. | ) |
| | ) |
| Defendants. | ) |

## Opinion and Order

Plaintiff Jeff Pepper filed this employment discrimination action against Defendants alleging claims of religious discrimination, age discrimination, retaliation, and tortious interference with prospective contracts. Defendants have filed a Partial Motion to Dismiss, Plaintiff has filed a Brief in Response, to which Defendants have filed a Reply Brief. For the reasons set forth below we will grant in part, and deny in part Defendants' motion.

I. **Relevant Background**

Plaintiff Jeff Pepper was employed by Defendants from approximately May 2006, until February 2012. Mr. Pepper is 66 years of age and of the Jewish faith. Mr. Pepper alleges that despite his satisfactory job performance he was demoted and ultimately terminated from his employment for reasons that were a pretext for religious and age discrimination. After filing a charge of discrimination with the appropriate agencies, Mr. Pepper alleges that Defendants unlawfully retaliated against him and interfered with his ability to obtain comparable employment elsewhere.

In Count 1 he alleges that he was subjected to unlawful discrimination based on his religion and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.C.S.A. § 955, *et seq.*, and Pennsylvania's Common Law prescription against religious discrimination. In Count 2, he alleges that he was subjected to unlawful discrimination based on his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, the PHRA, and Pennsylvania's Common Law prescription against age discrimination. In Count 3, Mr. Pepper alleges that he was subjected to retaliation in violation of Title VII, the ADEA, the PHRA, and Pennsylvania's Common Law prescription against retaliation, in retaliation for filing claims of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Finally, in Count IV he alleges that Defendants tortiously interfered with Mr. Pepper's existing and prospective contracts.

**II.     Standards of Review**

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

If a court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

**III. Discussion**

**A. Exhaustion of Administrative Remedies under the PHRA**

Defendants have filed a Partial Motion to Dismiss seeking dismissal of Mr. Pepper's claims asserted under the PHRA for failure to exhaust administrative remedies. Defendants allege that although Mr. Pepper filed a complaint with the EEOC raising claims of age and religious discrimination, he failed to cross-file his claims with the Pennsylvania Human Relations Commission ("PHRC") as required by law. Therefore he failed to exhaust his administrative remedies for claims under the PHRA, and such claims must be dismissed.

3

Plaintiff has filed a Brief in Response to Defendants' partial motion to dismiss attaching a letter from the PHRC showing that in fact his claims were timely cross-filed with the PHRC. Defendants filed a Reply Brief in which they concede that Plaintiff is correct that he has exhausted his administrative remedies under the PHRA with regard to his claims of religious discrimination and age discrimination, only. Accordingly, we will deny Defendants' motion to dismiss these claims. Defendants maintain that Mr. Pepper's claim of retaliation should be dismissed. We address this argument below.

### B. Pennsylvania Common Law Claims

Next, Defendants seek dismissal of Mr. Pepper's discrimination claims asserted in Counts 1, 2, and 3, asserted under Pennsylvania's Common Law because such claims are preempted by the PHRA. We agree. Plaintiff appears to concede that Defendants are correct as he did not address this argument in his Brief. Accordingly, we will grant Defendants' motion to dismiss Mr. Pepper's discrimination claims that purport to arise under Pennsylvania Common law.

### C. Retaliation Claim

Finally, Defendants argue that Mr. Pepper's claim of retaliation fails under any theory because he failed to ever raise a claim of retaliation and thus failed to exhaust his administrative remedies as to a claim of retaliation. Defendants argue that Mr. Pepper failed to raise a claim of retaliation in his original charge filed with the EEOC (cross-filed with the PHRC) and failed to raise the claim in any later-filed charge with either the EEOC or the PHRC.

Plaintiff's response to this argument is that the retaliation did not take place until after he filed his charge of discrimination with the EEOC, and thus he could not have filed it at that time. In addition, Plaintiff argues that his retaliation claim is an ongoing claim and is derivative in

nature of his underlying claims of discrimination. Nonetheless, Defendants maintain that the fact that the alleged retaliation occurred as a result of the original filing does not relieve Plaintiff of his duty to file a new or amended pleading alleging retaliation.

As a general rule, a plaintiff bringing a lawsuit under Title VII and the ADEA cannot bring claims in a civil lawsuit that were not first included in an EEOC charge and exhausted at the administrative level. Burgh v. Borough Council of Montrose, 251 F.3d 465, 469 (3d Cir.2001); Seredinski v Clifton Precision Products, Co., 776 F.2d 56, 63 (3d Cir. 1985). The Third Circuit Court of Appeals has recognized that the exhaustion requirement serves two purposes:

> First, it puts the employer on notice that a complaint has been lodged against him and gives him the opportunity to take remedial action. Second, it gives the EEOC notice of the alleged violation and an opportunity to fulfill its statutory responsibility of seeking to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

Bihler v. Singer Co., 710 F.2d 96, 99 (3d Cir.1983) (internal citations omitted). "Because the aim of the statutory scheme is to resolve disputes by informal conciliation, prior to litigation, suits in the district court are limited to matters of which the EEOC has had notice and a chance, if appropriate, to settle." Anjelino v. New York Times Co., 200 F.3d 73, 93 (3d Cir.1999). Thus the "parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir.1976) (citations omitted); *see also* Antol v. Perry, 82 F.3d 1291, 1295 (3rd Cir.1996) (test is whether acts alleged in subsequent lawsuit are fairly within the scope of the prior administrative charge or the investigation arising therefrom).

Here, Mr. Pepper acknowledges that he did not allege retaliation in his administrative charge and he did not amend his charge or file a new charge to allege retaliation. Furthermore, the allegation of retaliation alleged in this case cannot be said to have been fairly within the scope of his EEOC charge as he also admits that the alleged retaliatory acts did not occur until after he filed the charge. Therefore, we will grant Defendants' motion to dismiss Plaintiff's retaliation claim asserted in Count 3.

## IV. Conclusion

For the reasons stated above we will grant Defendants' partial motion to dismiss Plaintiff's claims asserted under Pennsylvania Common Law as such claims are preempted. We also grant the motion as to Plaintiff's claim of retaliation asserted in Count 3, for failure to exhaust administrative remedies. Count 3 is therefore dismissed in its entirety. Defendants' motion is denied as Plaintiff's claims of religious and age discrimination in violation of the PHRA asserted in Counts 1 and 2.

Date: March 4, 2015

Maurice B. Cohill, Jr.
Senior United States District Court Judge

# ORDER

AND NOW, to-wit, this 4th day of March, 2015, for the reasons stated in the accompanying Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendants' Partial Motion to Dismiss (ECF No. 8) is hereby GRANTED in part, and DENIED as follows..

1. Defendants' motion is DENIED as to Plaintiff's claims of religious discrimination and age discrimination under the PHRA asserted in Counts 1 and 2.

2. Defendants' motion is GRANTED as to Plaintiff's claims asserting violations under Pennsylvania Common law in Counts, 1, 2, and 3.

3. Defendants' motion is GRANTED as to Plaintiff's retaliation claim asserted in Count

IT IS FURTHER ORDERED that Count 3 is hereby DISMISSED.

Defendant shall file its Answer to the Complaint no later than 14 days from the date this Order is filed.

                                                                           /s *Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge